**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEAN-PIERRE RONET, a/k/a
ALAN PETERSON,

    Plaintiff,

v.                                                              CASE NO. 8:06-CV-1269-T-30MSS

ROBERT A. FOSTER, JR., in his official
capacity as Successor Judge of the Thirteenth
Judicial Circuit Court, Hillsborough County, for
REX M. BARBAS in his individual capacity,

    Defendants.
_____/

**O R D E R**

THIS matter is before the Court for consideration of Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983, an Affidavit of Indigency in which he seeks leave to proceed *in forma pauperis* (Dkt. 2), and an Emergency Motion for Issuance of Mandatory Injunction (Dkt. 3). Having undertaken the screening of Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds, for reasons discussed below, that the complaint should be dismissed prior to service of process.

Plaintiff's 1990 convictions for engaging in lewd and lascivious conduct with a child under the age of 16 (2 counts) were entered in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. *See Peterson v. State*, 595 So.2d 564 (Fla. 2d DCA 1992). Having been acquitted of one charge, Plaintiff was sentenced to a term of 15 years on Count Two and a consecutive term of 2 years on Count Three, to be followed by a 5-year term of probation (Dkt. 1 at 5). On May 23, 1997, Plaintiff's motion to correct his sentence was granted, and Plaintiff was resentenced to a term of 9 years on Count Two, to be followed by a 4-year term of probation on Count Three. According to Plaintiff, because a

corrected judgment had not been entered when he was released from custody by the Florida Department of Corrections (hereinafter "FDOC") on May 30, 1997, the release forms he signed acknowledged that he was subject to a 5-year term of probation and certain terms and conditions of release under the Conditional Release Program Act.[1]

In December 1998, Plaintiff relocated to Fayetteville, New York, where he resided until moving to Michigan in December 1999. Plaintiff was arrested in Michigan on a fugitive warrant on December 14, 2000, and transported back to Florida.

Finding that Plaintiff was in violation of the terms of his release, Defendant Barbas resentenced Plaintiff to a 3-year term of probation on March 19, 2001. This event is the crux of Plaintiff's complaint. He contends that Defendant Barbas[2] violated his "due process and equal protection rights under the Fifth and Fourteenth amendments . . . for failing to rule on and or render a decision on Plaintiff's pro-se Petition for Writ of Habeas Corpus [filed February 8, 2001]. . . and for sentencing Plaintiff to probation for three years absent jurisdiction by lacking an arrest warrant signed by a judge pursuant to Chapter 948.06(1), Fla. Stat (1997), which caused his false imprisonment since Plaintiff contested/challenged the court's (Defendant[']s) jurisdiction" (Dkt. 1 at 3-4).

Plaintiff further argues that Defendant Barbas lacked jurisdiction to resentence him because, assuming that he received the same credits against the corrected sentence that he received against the original sentence, according to Plaintiff's calculations, his sentence expired on June 2, 1997 (Dkt. 1 at 5). In his complaint, Plaintiff seeks monetary and injunctive relief.

---

[1] The Court takes judicial notice of information available in its files in *Peterson v. Secretary, Dep't of Corrs.*, Case No. 8:05-CV-987-T-27MSS (2005), Dkt. 6 at 3. *See* Fed. R. Evid. 201.

[2] Notably, there are no allegations in the complaint that Defendant Foster has had any involvement in Plaintiff's state criminal proceedings.

In his Emergency Motion for Issuance of Mandatory Injunction, Plaintiff requests that this Court enjoin the State of Florida from requiring him to register as a sex offender under Fla. Stat. § 943.043 (1997).[3] *See* Dkt. 3 at 3. Plaintiff has been required to register as a sexual offender since March 19, 2001.

Plaintiff states that on May 6, 2003, his 3-year term of probation was extended for 36 months because he failed to complete the court-ordered therapy (Dkt. 1 at 6). On November 18, 2004, Petitioner was found to be in violation of the terms of his release and returned to the custody of the FDOC. He was released from prison on June 12, 2005, subject to supervised release.

In *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *See also Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998). Most recently, the Supreme Court has reiterated that "a § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the . . . suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005). Plaintiff's present civil rights action, if successful, would do just that. A finding by this Court that the state judge who sentenced Plaintiff acted without jurisdiction would call into question the validity of Plaintiff's conviction for violation of the terms of his probation.

---

[3]The Court takes judicial notice of information available at the Florida Department of Law Enforcement ("FDLE") Sexual Offenders and Predators database, viewed July 11, 2006, stating that Plaintiff is currently classified by the FDLE as having absconded from registration because he is no longer at the last reported address he provided to the Florida Sexual Offender Registry. *See* Fed. R. Evidentiary. 2.01.

Even if the Court were to find that Plaintiff's claim were not barred under *Heck*, it would still be precluded from granting Plaintiff the relief he seeks. First, the event about which Plaintiff complains occurred on March 19, 2001. Plaintiff filed his complaint on July 10, 2006. The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a §1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). In this case, it is obvious that Plaintiff did not commence this § 1983 claim within four years of the act he contends was illegal and unconstitutional. There is nothing in the complaint which indicates that Plaintiff was denied access to the courts during the relevant time period. Plaintiff's complaint is, on its face, time-barred.

Finally, the facts as alleged in Plaintiff's complaint show that Defendant Barbas was acting within the scope of his judicial authority as a state circuit judge when he resentenced Plaintiff on March 19, 2001. Judges are entitled to absolute immunity for judicial actions undertaken within the scope of their authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). The doctrine of judicial immunity applies to both suits for damages and suits seeking injunctive and declaratory relief for acts taken by judges while acting in their judicial capacity. *See id.*; *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (holding that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citation omitted)).

While the decision to charge and prosecute is an executive responsibility over which the state's attorney has complete discretion, a probation violation is, effectively, a violation of a court order. Plaintiff's prosecution ended when he was adjudicated guilty and sentenced in 1990. While he was subject to statutorily imposed conditions of probation, as well as standard conditions set forth in Florida's rules governing criminal proceedings, Plaintiff's probation was imposed by court order. *See* Fla. Stat. 948.03; Fla. R. Crim. P. 3.986(e). Florida law provides that:

> Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his or her probation or community control in a material respect, any law enforcement officer who is aware of the probationary or community control status of the probationer or offender in community control or any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control.

Fla. Stat. 948.06(1)(a) (2000).

Defendant Barbas meets the first test for judicial immunity in that the act about which Plaintiff complains was taken by Defendant Barbas in his judicial capacity as a Florida circuit court judge presiding over Plaintiff's violation of probation proceedings. As the Eleventh Circuit recently observed, "issuing an order is one of the 'paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." *Bush v. Washington Mut. Bank*, 2006 WL 929385 at *1-*2 (11th Cir. Apr. 11, 2006) (quoting *Forrester v. White,* 484 U.S. 219, 227 (1988)). The second requirement for absolute immunity is likewise met because Florida's circuit courts have subject matter jurisdiction over violation of probation proceedings. *See Dykes v. Hosemann*, 776 F.2d 942, 943 (11th Cir. 1985) (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability"). *See also*

Fla. Stat. 948.06(1)(a) (2000); *Francois v. State*, 695 So.2d 695, 526 (Fla. 1998); *Battles v. State*, 919 So.2d 621, 622 (Fla. 1st DCA 2006).

Without such immunity, the purpose of the judiciary as conceptualized in the Constitution would essentially be eviscerated. *Dennis v. Sparks*, 449 U.S. 24, 31 (1980). The doctrine of judicial immunity is not defeated simply because an action is brought under § 1983.[4] *See Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005).

## Conclusion

For the foregoing reasons, the Court finds that even when liberally construed due to Plaintiff's *pro se* status, the complaint is subject to summary dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The deficiency in the complaint cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint **(Dkt. 1)** is **DISMISSED**.

2. The request to proceed *in forma pauperis* is **DENIED (Dkt. 2)**.

3. The Emergency Motion for Issuance of Mandatory Injunction **(Dkt. 3)** is **DENIED**.

4. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff
SA:jsh

---

[4]Even without absolute immunity, Plaintiff's claims for declaratory and injunctive relief would fail pursuant to the restrictions on injunctive relief set forth in 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").